UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GERARD J. PUGH, | ) |
| Plaintiff, | ) |
| v. | ) CV419-250 |
| HOMER BRYSON, *et. al.*, | ) |
| Defendant. | ) |

## Report and Recommendation

Plaintiff, appearing *pro se*, has submitted a 42 U.S.C. § 1983 Complaint alleging malicious or wrongful prosecution. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. As Plaintiff does not appear indigent, the application of IFP should be **DENIED**.

In his application, Plaintiff claims to earn $1,100 in wages biweekly. Doc. 2 at 1. He claims to have no liquid assets and several debts; however, in regard to monthly expenses, such as shelter, food and transportation, he has indicated "N/A." Doc. 2 at 2. Though the Court is skeptical that Plaintiff is truly without any constraints of normal living expenses, it accepts Plaintiff's financial situation as reported. As Plaintiff earns a regular income of $1,100 on a biweekly schedule and claims no living expenses, he is not indigent and is capable of prepaying

the $400 filing fee.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely

discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given his disclosed assets, Roberts is not indigent. Accordingly, his application to proceed *in forma pauperis* should be **DENIED**. Doc. 2.

The Court also notes that the latest event alleged in the Complaint occurred in December 2016. As § 1983 does not provide a statute of limitations, the court looks to the forum state's general personal injury statute. *Owens v. Okure*, 488 U.S. 235 (1989). In Georgia, such claims must be filed within two years. O.C.G.A. § 9-3-33 (1982). Absent more recent allegations, or some explanation for why the claims arising out of the earlier events were not pursued at the time, plaintiff's Complaint might be subject to a recommendation of dismissal upon the screening required under 28 U.S.C. § 1915(e). If plaintiff wishes, he is free to submit an Amended Complaint with his supplemental IFP application. If he concedes that his claims are time-barred, he is also free to do nothing and his Complaint will be dismissed pursuant to Fed. R. Civ. P. 41.

This Order and R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 3rd day of October, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA