UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GERARD J. PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV419-250 |
| | ) |
| HOMER BRYSON, *et. al.*, | ) |
| | ) |
| Defendant. | ) |

# ORDER

*Pro se* plaintiff Gerard Pugh has moved for an evidentiary hearing and a "court date." *See* docs. 17 & 18. Those filings followed the Court's denial of Pugh's request to pursue this case *in forma pauperis*. Doc. 4 (Report and Recommendation), *adopted* doc. 12. The district judge directed Pugh to pay the $400 filing fee within 21 days, *i.e.* by February 3, 2020, if he wished to pursue this case. Doc. 12. In lieu of payment, Pugh moved the Court to reconsider. Doc. 13. The district judge denied that motion. Doc. 14. Pugh sent a letter indicating his confusion about the deadline to pay the filing fee, dated February 10, 2020. Doc. 15. He paid the fee on February 13, 2020. Despite the untimeliness of that payment, the Court accepts Pugh's compliance with the January 13, 2020 Order.

Pugh's currently pending motions are not ripe.  Since Pugh was not permitted to proceed *in forma pauperis*, he is responsible for serving process on the defendants.  *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").  The Federal Rules further require that service be made within ninety days after the complaint is filed.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within the specified time.").

Both the language of Rule 4(m) and the Eleventh Circuit's interpretation of 28 U.S.C. § 1914, which imposes the fee for filing civil cases in federal courts, make the filing of the complaint, and not payment of the filing fee, the relevant date for the commencement of the action and the running of the service deadline.  *See* Fed. R. Civ. P. 4(m); *Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, 1551-52 (11th Cir. 1986) (complaint was filed, for statute of limitations purposes, upon actual or constructive possession by the clerk, regardless of the untimely payment

of the filing fee). However, as the Rule's Advisory Committee Notes suggest "[t]he district court should . . . take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." Fed. R. Civ. P. 4(m) advisory committee's note (1993). Courts, including the United States District Court for the Northern District of Georgia, have recognized that the resolution of the motion to proceed *in forma pauperis* and payment of any subsequent fee required commence the service period. *See, e.g., Besler v. City of Decatur*, 2006 WL 8433137, at * 2 (N.D. Ga. Dec. 6, 2006) (collecting cases). Given this ambiguous authority, and the mandate to construe the Federal Rules to secure the just resolution of civil actions, the Court will construe the date on which the fee was paid, February 13, 2020, as the commencement of the service period.

Even charitably construing when the service period started, however, it has expired. The ninety days for service ran no later than May 13, 2020. However, the Court has discretion to extend the service period. *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of

good cause."). Further, dismissal is appropriate, even where no good cause for the delay exists, only after considering "whether any other circumstances warrant an extension of time based on the facts of the case." *Leopone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Under the circumstances of this case, the Court concludes that plaintiff's *pro se* status, the need to resolve the issue of his filing fee, and the COVID-19 pandemic[1] warrant a permissive extension, regardless of whether he might show other good cause for the delay.

Accordingly, pursuant to Rule 4(m), the Court **DIRECTS** plaintiff that he must serve the Complaint upon the defendants, in compliance with Rule 4, no later than thirty days from the date of this Order. Since no defendant has been served, Pugh's motions for an evidentiary hearing and "court date" to address the merits of his claim are **DISMISSED** as unripe. Docs. 17 & 18.

**SO ORDERED**, this 11th day of June, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Pugh's motion, he states that "th[e COVID-19] pandemic has cause and effect still I remain in hardship for this reason." Doc. 18 at 2.