UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| GERARD J. PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-250 |
| | ) | |
| HOMER BRYSON, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Gerard Pugh has moved for reconsideration of the Court's prior Order denying his "Motion for a Court Date." Doc. 20. His motion does not identify any defect in the prior Order's analysis. *See generally id.* Rather, it repeats allegations from the Complaint—*i.e.*, that Pugh has been subjected to a "miscarriage of justice," and is suffering from "financial bondage"—and complaints about "oppression" that are difficult to understand. *See id.* at 2. The only relief he seeks is to "get [his] due process in court . . . ." *Id.* at 1. Since Pugh has identified no defect in the Court's Order, his motion for reconsideration is **DENIED**. Doc. 20.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Geyser v. Brown*, 2020 WL 2067426, at * 1 (S.D.

Ga. Apr. 29, 2020) (Hall, C.J.) (quotes and cite omitted). The moving party must present "'facts or law *of a strongly convincing nature*'" before such a motion is granted. *Id.* (emphasis added) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)). Pugh's motion presents neither facts nor law that suggest the prior decision was erroneous. It merely expresses Pugh's dissatisfaction with the outcome. That's not grounds for reconsideration.

Although Pugh does not mention it explicitly, he does suggest that the Court's prior responses to his filings have been excessively legalistic; that is, he requests that the Court "now stop B.S. around with the legal work . . . ." Doc. 20 at 1. Regardless of Pugh's frustration, this Court is not in the position to act as his agent in securing the outcome to which he feels entitled. Litigants acting without an attorney, like Pugh, are entitled to leniency in the consideration of their pleadings, but the Court never acts on behalf of any party. *See Nezbeda v. Liberty Mut. Ins. Co.*, 789 F. App'x 180, 182 (11th Cir. 2019). Further, all litigants are subject to the applicable laws and court rules, including the Federal Rules of Civil Procedure. *See Moon v. Newsom*, 863 F.2d 835, 837 (11th Cir. 1989).

All of the Court's prior Orders have fully explained the authority upon which they rely.

Given that Pugh is acting without an attorney, however, the Court reminds him that before he can "get [his] due process in court," that same "due process" requires that the defendants he accuses of subjecting him to a "miscarriage of justice" receive notice of this action. They are given notice by being served, as required by Rule 4. *See, e.g., Oklahoma Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). In the absence of effective service, any judgment against a defendant is void. *See, e.g., In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). Until Pugh serves the defendants in this case, there is nothing further the Court can do.

The Court has already extended the period provided under Rule 4(m) to accommodate delays in resolving Pugh's request to proceed *in forma pauperis* and resulting from the COVID-19 pandemic. *See* doc. 19 at 3–4. Because Pugh is proceeding *pro se*, the Court will construe the current motion as including an implicit request for a further extension. Pugh must perfect service upon the defendants, pursuant to Fed. R. Civ.

P. 4,[1] no later than Friday, July 17, 2020.  **Failure to serve the defendants within the extended period will result in a recommendation of dismissal, pursuant to Rule 4(m).**

**SO ORDERED**, this 18th day of June, 2020.

*[signature]*
_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]  If Pugh does not have access to the Federal Rules of Civil Procedure, they are available free of charge from the United States Courts website.  They can be accessed electronically at
https://www.uscourts.gov/sites/default/files/federal_rules_of_civil_procedure_-_dec_1_2019_0.pdf.